Owen F. Duffy, Esq.
Attorney for Petitioner,
*Probulk Carriers Limited*
5 Penn Plaza, 19th Floor
New York, New York 10001
Tel: (516) 721-8793
Fax: (212) 235-7022
Email: Owen@ODuffy-Law.com

**14 CV   8338**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

PROBULK CARRIERS LIMITED,                    :

        Petitioner,                    :

        vs.                    :

                            :

MARVEL INTERNATIONAL          :
MANAGEMENT AND TRANSPORTATION, :

        Respondent.                    :
------------------------------------------------------------x

Case No.:

**VERIFIED PETITION TO
RECOGNIZE, CONFIRM AND
ENFORCE A FOREIGN
ARBITRATION AWARD**

Petitioner Probulk Carriers Limited (hereinafter "Probulk"), by its attorney, Owen F. Duffy, as and for its Petition to Recognize, Confirm and Enforce a Foreign Arbitral Award in favor of Probulk and against Respondent Marvel International Management and Transportation (hereinafter "Marvel"), alleges upon information and belief as follows:

## I.    THE PARTIES TO THIS ACTION

1.    At all material times, the Petitioner Probulk is a business entity organized and existing under the laws of Liberia.

2.      The Petitioner Probulk is registered to do business in the State of New York as a foreign business corporation, and the Petitioner Probulk maintains its principal place of business in the State of New York with an office at 1215 Fifth Avenue. Suite 4A, New York, New York, 10029.

3.      The Petitioner Probulk is engaged in the business of international shipping, operating and sub-chartering time-chartered vessels to carry cargo in international trade.

4.      At all material times, the Respondent Marvel is a business entity organized and existing under the laws of a foreign country, and it also known as Marvel Uluslararasi Isletmecilik ve Tasimacilik Limited Sirketia, which is Turkish for Marvel International Management and Transportation.

5.      The Respondent Marvel maintains its principal place of business in Turkey with an office at Aralik No. 3, Sulun Sokak 11, Levent Mah, Besiktas, 34330, Istanbul, Turkey.

6.      At all material times, the Respondent Marvel has been, and still is, registered – using its Turkish name, *i.e.* Marvel Uluslararasi Isletmecilik ve Tasimacilik Limited Sirketia – to do business in the State of New York as foreign limited liability company. *See*, Exhibit A.

2

7.     At all material times, the Respondent Marvel has a registered agent in the City of New York, namely: Freehill, Hogan & Mahar LLP of 80 Pine Street, New York, New York, 10005. *See*, Exhibit A.

8.     The Respondent Marvel is engaged in the business of international shipping, chartering and operating oceangoing vessels to carry cargo in international trade.

## II.     THE BASIS FOR JURISDICTION AND VENUE

9.     Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction for civil actions arising under the Constitution, laws or treaties of the United States) as the action arises under the enacting legislation for the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), 9 U.S.C. § 201 *et seq.*, and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*

10.     In addition, subject matter jurisdiction exists under the Court's admiralty jurisdiction because the underlying dispute is maritime in nature and it concerns a breach of a maritime contract, 28 U.S.C. § 1333, and Fed. R. Civ. P. 9(h).

11.     Personal jurisdiction exists over the Respondent Marvel because the Respondent Marvel is found in this District by virtue of having registered to do

business in New York as a foreign business corporation and having designated an agent for service of process in the State of New York. *See*, Exhibit A.

12.    Venue is proper in this District pursuant to 9 U.S.C. § 204 because, save for the arbitration agreement, an action or proceeding with respect to the controversy between the parties could have been brought in this District.

13.    Venue is also proper in this District because the Respondent Marvel is registered to do business in New York as a foreign business corporation and it has designated an agent for service of process in the State of New York, 28 U.S.C. § 1391 (b)(3) and 28 U.S.C. § 1391 (c).

## III.    THE FACTS IN SUPPORT OF THE PETITION

14.    By a Time Charter Party dated May 7, 2008 (the "Charter Party"), the Petitioner Probulk and the Respondent Marvel entered into a contract, whereby Probulk agreed to let its time-charted motor vessel, the M.V. IOANTHI, to Marvel in exchange for payments of hire.

15.    A certified copy of the Charter Party contract dated May 7, 2008 is attached herewith as Exhibit B.

16.    The Charter Party dated May 7, 2008 is a maritime contract.

4

17.     Pursuant to the Charter Party contract dated May 7, 2008, the Respondent Marvel agreed to hire the M.V. IOANTHI for a period starting between December 31, 2008 and March 15, 2009 and lasting up to earliest January 15, 2010 and latest February 28, 2010. *See,* Exhibit B.

18.     In February of 2009, the Respondent Marvel indicated that it would be unable to take delivery of the M.V. IOANTHI in accordance with the terms and conditions of the Charter Party contract dated May 7, 2008.

19.     On or about February 27, 2009, the Respondent Marvel repudiated the Charter Party, when it refused to take delivery of the M.V. IOANTHI in breach of the terms and conditions of the Charter Party contract dated May 7, 2008.

20.     The Charter Party provided that should any dispute arise between the Owners (Probulk) and Charterers (Marvel), the matter in dispute shall be referred to arbitration in London, with English law and the terms of the London Maritime Arbitrators Association to apply. *See,* Exhibit B at clauses 17 & 48.

21.     The Petitioner Probulk initiated arbitration proceedings against the Respondent Marvel, alleging repudiation or renunciation of the Charter Party and seeking an award of damages caused by Marvel's breach of the Charter Party.

22.    The dispute between Petitioner Probulk and Respondent Marvel was arbitrated in London, in accordance with the terms and conditions of the Charter Party, and the London Arbitration Panel issued a Final Arbitration Award in favor of the Petitioner Probulk on January 28, 2013.

23.    A certified copy of the Final Arbitration Award dated January 28, 2013, together with the Reasons for and Forming Part of the Arbitrators' Final Arbitration Award, is attached herewith as Exhibit C.

24.    Pursuant to the Final Arbitration Award dated January 28, 2013, the Respondent Marvel was direct to pay to the Petitioner Probulk:

- The sum of $8,860,293.50;
- Interest on the sum of $8,860,293.50 at the rate of 5% per annum and pro rata compounded at three-monthly rests from August 15, 2009 until the date of payment;
- Petitioner Probulk's costs of the arbitration, with interest thereon at the rate of 4.5% per annum and pro rata, compounded at three-monthly rests from January 28, 2013; and,
- The costs of the Award in the event that those costs were not paid by Marvel in the first instance.

*See,* Exhibit C at pages 3 & 4.

6

25.     The Petitioner Probulk has demanded that the Respondent Marvel promptly remit the sums due under the Final Arbitration Award dated January 28, 2013, but the Respondent Marvel has failed to make any payment in satisfaction of the Final Arbitration Award.

## IV.     RECOGNITION, CONFIRMATION AND ENFORCEMENT OF THE FINAL ARBITRATION AWARD

26.     Under English law, the Final Arbitration Award dated January 28, 2013 is binding on the Petitioner Probulk and the Respondent Marvel.

27.     Both England and the United States are parties to the New York Convention, which provides that a Court sitting in any nation that is a party to the New York Convention must recognize and enforce a foreign arbitral award where: (a) certified copies of both the agreement to arbitrate and the arbitral award are submitted to the Court; (b) the application is timely filed; and, (c) none of the delineated exceptions to recognition and enforcement are present. 9 U.S.C. § 207.

28.     A certified copy of the Agreement to Arbitrate (as set forth in the Charter Party at clauses 17 & 48) is attached herewith as Exhibit B, and a certified copy of the Final Arbitration Award is attached herewith as exhibit C.

29.     The Petition to recognize, confirm and enforce the arbitration award is timely filed pursuant to 9 U.S.C. § 207 because it is being filed within three (3) years from the date of the Award.

30.     The Respondent Marvel cannot in good faith raise any of the delineated reasons under the New York Convention for non-recognition of the Award. *See*, New York Convention Article V.

**WHEREFORE**, THE PETITIONER PROBULK PRAYS THAT:

a)      Process in due form of law issue against the Respondent Marvel, citing it to appear and answer under oath all, and singular, matters alleged in this Petition;

b)      The Petition to Recognize, Confirm and Enforce the Foreign Arbitration Award be granted and the Final Arbitration Award be recognized, confirmed and made into a judgment of this Court in favor of the Petitioner Probulk against the Respondent Marvel, in the sum sought herein at ¶ 24, and that this Court also adjudge Marvel liable to Probulk for interest on the Award and a Judgment to be issued;

c)      An Order be issued directing Respondent Marvel to pay to Petitioner Probulk sufficient funds to satisfy the Final Arbitration Award in all respects in the sums sought in ¶ 24 herein;

d)      The Court retain jurisdiction over this matter for any further or supplemental proceedings as may be necessary for the purpose of enforcing the Judgment, and/or any further judgments that may be issued;

e)      This Court grant Probulk its costs and disbursements,

including reasonable attorneys' fees, in pursuing the Judgment and

enforcement of the Award; and,

f)      That Petitioner Probulk have such other, further and different

relief as this Court may deem just and proper in the circumstances.

Dated:      October 17, 2014
            New York, New York

                                    The Law Office of Owen F. Duffy,
                                    *Attorneys for the Petitioner*
                                    *Probulk Carriers Limited*

                        By:         _____
                                    Owen F. Duffy
                                    5 Penn Plaza, 19th Floor
                                    New York, New York 10001
                                    Tel: (516) 721-8793
                                    Fax: (212) 235-7022
                                    Email: Owen@ODuffy-Law.com

**VERIFICATION OF PETITION TO RECOGNIZE,
CONFIRM AND ENFORCE A FOREIGN ARBITRATION AWARD**

Vassilios Livanos, pursuant to the provisions of 28 U.S.C. § 1746, hereby declares and states as follows:

I am the Commercial Director and a duly authorized agent of Probulk Carriers Limited, which is the Petitioner in this action.

I am familiar with Petitioner Probulk Carriers Limited's disputes with Respondent Marvel International Management and Transportation, I am familiar with the Final Arbitration Award referenced herein and I am familiar with the Petitioner's efforts to collect the amounts due under the Final Arbitration Award.

I have read and reviewed all of the allegations set forth in the foregoing Petition to Recognize, Confirm and Enforce a Foreign Arbitration Award.

The facts and allegations contained therein are true and accurate to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 16, 2014
New York, New York

Vassilios Livanos